**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOEL BLUST,

Plaintiff,

vs.

JAMES DOOLEY, SR., et al.,

Defendants.

Case No. 1:26-cv-329

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against James Greg Dooley, Sr.; Angela Dooley; Joseph E. Bedel, Jr.; Hamilton County Probate Division, Court of Common Pleas; Elliott Spence; Meredith Simpkins; Dr. Vanessa Doyle; and the Federal Home Loan Bank of Cincinnati. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action

is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint appears to allege that certain defendants have maintained an undisclosed guardianship and an irrevocable "trustJEHOVAH," misappropriated assets, and improperly restricted his autonomy. He further alleges that defendants use AI, remote monitoring, augmented reality, other invisible devices, social-media networks, and livestreaming to monitor, control, physically harm, exploit, and publicly display him. Plaintiff also challenges aspects of Ohio guardianship and involuntary-treatment proceedings, including proceedings in Hamilton County Probate Court, and asserts that medical providers, attorneys, judicial officers, and private persons conspired against him. He invokes, among other provisions, 42 U.S.C. §§ 1982, 1983, 1985, and 1986; various federal criminal statutes; and state-law theories concerning a trust, guardianship, fiduciary duties, and medical care.

Plaintiff seeks declaratory and injunctive relief affecting the alleged guardianship,

trust, and state-court proceedings; orders requiring accountings and distributions; restoration of legal capacity; cessation of the alleged surveillance and harassment; and compensatory, punitive, and other monetary relief.

Even liberally construed, the majority of Plaintiff's factual allegations are illogical, conclusory, and incomprehensible. The complaint therefore provides no coherent factual content from which the Court could reasonably infer that any Defendant violated Plaintiff's rights under federal law. Substantial portions of the complaint rest on factually fantastic or clearly baseless allegations concerning an alleged secret guardianship and trust, invisible or intangible AI-based devices, remote monitoring, manipulation of Plaintiff's thoughts and bodily functions, and a broad online and social-media conspiracy. Such allegations lack an arguable basis in fact and are frivolous under § 1915(e)(2)(B)(i). Apart from those allegations, the complaint does not provide sufficient nonconclusory factual matter to state a facially plausible claim for relief against any defendant. It therefore also fails to state a claim under § 1915(e)(2)(B)(ii). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.[1]

Plaintiff has also filed a motion for a preliminary injunction/temporary restraining order. (Doc. 2). Because the undersigned recommends dismissal of Plaintiff's complaint in its entirety, the undersigned further recommends that Plaintiff's motion for a temporary restraining order be denied as moot.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further

[1] The complaint and its attachments span approximately 150 pages and do not readily identify, on a claim-by-claim basis, the factual allegations directed to each defendant or the legal basis for each asserted claim. Thus, the pleading also does not to comply with Rules 8(a) and 10(b), which require a short and plain statement of each claim and separately stated claims where doing so would promote clarity.

**RECOMMENDED** that Plaintiff's motion for a preliminary injunction/temporary restraining order (Doc. 2) be **DENIED as MOOT**. Additionally, it is **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOEL BLUST, | Case No. 1:26-cv-329 |
| Plaintiff, | |
| vs. | Cole, J.<br>Bowman, M.J. |
| JAMES DOOLEY, SR., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).